Mr. Justice Clayton
delivered the opinion of the court.
This was an action of assumpsit in the circuit court of Yala-busha county, on an account, created by the firm of Armour, Lake & Bridgers, with the plaintiff.
It was in proof that the articles on which the accounts were founded, were furnished the defendants, and that the prices were correct; but that the note of Armour & Lake, two of the firm of Armour, Lake & Bridgers, had been given for all of the accounts except one. The suit was dismissed as to Armour & Lake, and stood against Bridgers alone. It was tacitly conceded, that the plaintiff had the right to recover on the account not embraced in the notes, and for that amount a verdict was rendered in his favor. But as to the others, the court, at the instance of the defendant, instructed the jury, “ that for the accounts sued on and embraced in the notes of Armour and Lake, the plaintiff could have no action, except upon those notes.” This charge was excepted to, and the cause turns upon that exception.
In this state the contracts and liabilities of copartners are joint and several. H. & H. 595. Hence any one of the partners may be sued, and he is liable for the whole indebtedness. Dahlgren v. Duncan et al. 7 S. & M. 294.
*615 In- our view it is a question of fact, whether the notes of Armour & Lake were intended to be received in absolute ex tin guishment of the former debt, and whether it was agreed that the plaintiff should accept them as his sole debtors, and slioitld take their notes by way of satisfaction for the debt. If such were the agreement, the receipt of the notes would be a discharge of the defendant Bridgets, otherwise not. Story on Partnership, 239, sec. 155 ; Thompson v. Percival, 5 B. & Adol. 925 ; Eng. C. L. R. 245.
The instruction of the court not being in conformity with this opinion, the judgment must be reversed, and a new trial awarded.